### Caroline A. TROMBI

v.

### Lisa BLACK.

### No. 96–624–A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Russell Sicard, Warwick.

Anthony J. Gianfrancesco, Providence.

### ORDER

This case came before the Supreme Court on the defendant's appeal from a Superior Court order granting plaintiff's motion for a new trial on the issue of damages in a personal injury action. After consideration of the prebriefing memoranda, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

Plaintiff, Caroline A. Trombi, was involved in a rear end collision with a vehicle operated by the defendant. The plaintiff filed this action alleging that she sustained personal injuries as a result of the defendant's negligence. A trial commenced before a judge and a jury on the issue of damages only, as liability was conceded. On September 30, 1996, the jury returned a verdict and awarded no damages to the plaintiff.

The plaintiff filed a motion for a new trial. A hearing was held wherein the trial justice noted that since liability existed, the only question was whether plaintiff's injuries were proximately caused by the accident. The trial justice concluded that the plaintiffs injuries, at least in part, were caused by the accident and that she was entitled to damages for her injuries. Following a hearing on the plaintiffs motion, the trial justice granted the motion for a new trial or, in the alternative, an additur of $18,000 plus interest.

The defendant has asserted that the trial justice erred in granting the motion for a new trial as the plaintiff did not sustain her burden in proving her damages. The defendant also contends that the evidence presented by the plaintiff was not credible. Moreover, the defendant argues that since the plaintiff did not sustain her burden of proof as to damages, the jury should not be required to speculate concerning the seriousness of the plaintiffs injuries. We disagree with the defendant's contentions.

The trial justice concluded the plaintiffs injury was causally connected to the automobile accident. However, he noted that plaintiffs claims relative to the permanence of her injury were not credible. Contrary to defendant's assertions, the trial justice relied on the evidence, not on speculation, in concluding that the plaintiff was injured as a result of the auto accident. In evaluating the evidence in this case and assessing the credibility of the witnesses, the trial justice, unlike the jury, believed that the plaintiffs injuries were caused by the auto accident.

The trial justice independently reviewed and evaluated the evidence presented at trial. He also considered the credibility of the witnesses, and then determined that the jury verdict was against the fair weight of the evidence. We have stated that as long as the trial justice conducts this type of evaluation and does not overlook or misconceive materi-

al evidence, his or her ruling on the new trial motion will remain undisturbed. *See, e.g., Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 254–55 (R.I.1996).

We therefore deny and dismiss the defendant's appeal and affirm the order of the Superior Court. The papers in the case may be returned to the Superior Court.